Per Curiam,
We have no doubt as to the jurisdiction of the court below. The original bill was a bill for partition. A sale of the real estate in controversy was had under this proceeding, and the same was purchased by the appellee. The property in question was a slate quarry. After the sale and before the delivery of the deed by the master, the appellant removed a portion of the machinery and fixtures upon the property used in the quarrying of the slate and preparing it for the market. As the appellant had not received his share of the purchase-money, the appellee asked that the value of the fixtures so removed should be deducted from it, and this bill was filed for that purpose. It was in the nature of a supplemental bill, a proceeding well recognized in equity, and which was sustained by this court in Winton’s Appeal, 97 Pa. 385. It was there held that a supplemental bill in aid of a final decree in equity, the object of which is to compel the carrying-out of the decree, and to give full and complete effect to it, will be entertained. Then we have the principle that, when once a court of equity takes cognizance of a cause of litigation, it will dispose of every subject within the circle of contest, whether the question be of remedy or of distinct yet connected topics of dispute. If the jurisdiction once attaches, from the nature of one of the subjects of contest, it may embrace all of them; for equity abhors multiplicity of suits. McGowin v. Remington, 12 Pa. 63; Souder’s Appeal, 57 Id. 498; Appeal of the Odd Fellows’ Savings Bank, 23 W. N. C. 85.
Upon the merits of the case, we are entirely with the learned master, sustained, as he is, by the court below. The articles, which he has found belonged to the realty, were there, visible upon the property, at the time of the master’s sale. We must assume they were seen by the purchaser and enhanced the price at which the property was sold. Moreover, they were articles useful and necessary in operating the works, and, as between vendor and vendee, passed by the sale.
The decree is affirmed and the appeal dismissed at the costs of the appellant.