## Freeman, Appellant, *v.* Foster et al.

Argued April 16, 1936.

596

*Robert M. Dale,* for appellant.

*A. B. Jobson,* of *Breene & Jobson,* for appellees.

PER CURIAM, April 20, 1936:

This case is ruled in principle by the decision of the Supreme Court in Verona v. Schenley Farms Company, 312 Pa. 57, 167 A. 317, which construed and applied the Act of May 1, 1929, P. L. 1216.

The case of Downing v. Marks, 318 Pa. 289, 178 A. 676, relied on by appellant, dealt with a contract made before the Act of 1929 was passed.

The expression 'letter of attorney' in the provision of the Act of 1929 that the terms 'real estate broker' and 'real estate salesman' shall not be held to include, inter alia, "any person holding in good faith a duly executed letter of attorney from the actual owner of any real estate, authorizing the sale, conveyance or leasing of such real estate for and in the name of such owner, or the negotiating of any loan thereon" refers to a *power of attorney* constituting the person named therein the attorney-in-fact for the owner of real estate, with authority to sell, convey or lease the same in the name of the owner, or to negotiate a loan thereon.

The order of the court below refusing the plaintiff's motion to strike off judgment of non-suit is affirmed.