## Pawnbrokers' License Tax

RENO, Attorney General, July 24, 1939.—You have requested us to advise you whether pawnbrokers are relieved from the payment of the license tax imposed by the Act of May 7, 1907, P. L. 175, 72 PS §2901, et seq., by the passage of the Pawnbrokers License Act of April 6, 1937, P. L. 200, 63 PS §281-1, et seq.

Section 1 of the Act of 1907, supra, provides, in part:

"That from and after the passage of this act, all brokers, whether stock brokers, bill brokers, note brokers, exchange brokers, merchandise brokers, factors or commission merchants, real estate brokers and agents, or pawnbrokers . . . shall pay an annual license-tax to this Commonwealth upon his, their, or its gross annual receipts . . .".

Relevant sections of the Pawnbrokers License Act of 1937, supra, are as follows:

"Section 1. Short Title.—Be it enacted, &c., That this act shall be known, and may be cited, as the 'Pawnbrokers License Act. . . .

"Section 3. License Required.—No person, partnership, association, business corporation, nonprofit corporation, common law trust, joint-stock company or any group of individuals however organized shall, on and after the effective date of this act, engage or continue to engage in business as a pawnbroker in this Commonwealth except as authorized by this act and without first obtaining a license from the Secretary of Banking. . . .

"Section 6. License Fee.—Every application for license under this act shall be accompanied by an annual license fee of one hundred ($100.00) dollars. . . .

"All license fees and fines received by the Secretary of Banking shall be deposited in the State Treasury to the credit of the Banking Department Fund for the use of the Secretary of Banking in administering this act. . . .

"Section 33. Repealer.—All acts or parts of acts relating to pawnbrokers which are inconsistent herewith are hereby repealed."

It is patent that the Act of 1907, supra, remains applicable to pawnbrokers unless the Pawnbrokers License Act may be said to be inconsistent therewith and to constitute an implied repeal thereof. If two statutes can stand together, the latter does not abrogate the former; the whole course of legislation is to be so construed that every part and word shall have its effect, if it consistently can, and the will of the legislature be completely executed. Repeals by implication are not favored. When two statutes relate to the same subject matter, an implied repeal can only be found where the subsequent statute provides, in a comprehensive manner, for that which was provided for in the prior statute and the two statutes stand exclusive and irreconcilable. These general principles are confirmed by the Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 91.

A comparison of the acts in question discloses that they may readily be harmonized. The Act of May 7, 1907, P. L. 175, is entitled an act "to provide revenue by imposing a license-tax". The Pawnbrokers License Act of April 6, 1937, P. L. 200, is denominated an act "licensing and regulating the business of pawnbrokers". There is evident instantly a wide disparity in the purpose of the acts, the first being for revenue, the second for regulation. Without more it is obvious that there is no inconsistency between the acts with respect to the objectives thereof.

In Commonwealth v. American Loan Co., 20 Lack. Jur. 321 (1919), a question analogous to that in the present instance was presented. The court concluded that if the appellant therein could be characterized as a pawnbroker there was no reason why he should not be subject to the tax imposed by the Act of 1907, supra, even though he were licensed as a money lender under the Act of June 17, 1915, P. L. 1012. In Commonwealth v. Ramun Billiard Co., 3 D. & C. 816 (1923), a case interpreting the Act of May 25, 1907, P. L. 244 (imposing a license tax for revenue on the keepers of billiard rooms), and the Act of June 7, 1911, P. L. 668 (regulating the use of billiard tables), it was said (p. 817):

"It is claimed on behalf of defendant that the Act of 1911 completely controls the method of licensing billiard and pool establishments, provides a uniform system of regulation and taxation for cities of the first class, and, therefore, repeals, as to this city, the Act of 1907.

"The argument presented in support of defendant's claim is that if both acts are in force, the proprietors of billiard and pool-rooms will be subjected to double taxation; and that 'the intent to impose double taxation will not be presumed, the presumption is against the existence of such an intention, and this presumption will prevail until overcome by express words showing an intent to impose double taxation.'

"This claim of defendant is answered by the argument presented on behalf of plaintiff—that the tax imposed by the Act of 1907 is a revenue measure; the fee is exacted solely for revenue purposes, and payment of the tax gave the right to carry on the business without the performance of any further conditions until the fees required to be paid for a license under the Act of 1911, were imposed for the purpose of regulation. This legislation is the exercise of the police power, and as such is not controlled by the constitutional requirement that taxes must be uniform, nor is it affected by the ruling in relation to double taxation.

"There is no such manifest repugnance or inconsistency between the statutes as to indicate an intention of the legislature to repeal the earlier act. The presumption is against an implied repeal.

"The purpose of the Act of 1907 is to collect revenue. The Act of 1911 is to protect the community by regulating the business. The acts can stand together and the earlier act is not repealed by the later one."

It has also been held that the Real Estate Brokers License Act of May 1, 1929, P. L. 1216, regulating real estate brokers, did not impliedly repeal the Act of May 7, 1907, P. L. 175, insofar as the latter act requires the payment of a tax. See Newhouse v. Dipner, 118 Pa. Superior Ct. 101 (1935).

We have no difficulty in concluding, after an analysis of the pertinent statutes and the above citations, that there is no conflict between the acts. Although both acts pertain to the same general subject of pawnbrokers, each embraces a separate phase thereof.

You are advised, accordingly, that the Act of May 7, 1907, P. L. 175, 72 PS §2901, et seq., was not impliedly repealed by the Act of April 6, 1937, P. L. 200, 63 PS §281-1, et seq., and that pawnbrokers must continue to pay the license tax imposed by the former act.