## Newhouse *v.* Dipner, Appellant.

Argued April 15, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Willis A. MacDonald,* with him *Reiber & Reiber,* for appellant.

*J. H. Cochran,* for appellee.

OPINION BY STADTFELD, J., July 18, 1935:

The plaintiff, on December 2, 1933, filed an action in assumpsit against the defendant, to recover the sum of three hundred ($300) dollars commission for the sale of defendant's farm on the 28th day of April, 1933.

The plaintiff was engaged as a real estate broker for the years 1932 and 1933, and as such obtained a license from the Department of Public Instruction for said years, as required under the Act of May 1, 1929, P. L. 1216 (63 PS 431, et seq.). She did not pay a license tax to the county treasurer for the year 1932, and did not pay her license tax for the year 1933, as required under the Act of May 7, 1907, P. L. 175, as amended by the Act of April 25, 1929, P. L. 687 (72 PS 2901 et seq.) until September 28, of that year. The plaintiff obtained a purchaser for the defendant's farm, who was ready, able and willing to purchase the same on the 28th day of April, 1933. The defendant sold his farm to other parties several days later, through a different agency.

The case was tried before the court and a jury and a verdict rendered for the plaintiff in the sum of three hundred ($300) dollars, after the court had refused a motion for binding instructions on the part of the defendant. A motion was made for judgment non obstante veredicto on part of the defendant, which was refused by the court, and from which order of the court this appeal was taken.

The only assignment of error is to the refusal of the court to enter judgment non obstante veredicto in favor of defendant.

The only question involved in this case is whether or not a person duly licensed under the Act of May 1, 1929, is entitled to collect a broker's fee for sale of real estate if he has not yet paid the license tax for the same year as required under the Act of May 7, 1907, as amended.

The Act of 1907, supra, was the only legislative enactment applicable to real estate brokers since its passage, until the Legislature enacted the Act of May 1, 1929, supra.

The Act of May 7, 1907, supra, is entitled "An Act to provide revenue by imposing a license tax on all stock brokers, bill brokers, note brokers, exchange brokers, merchandise brokers, factors or commission merchants, real estate brokers and agents, and pawn brokers, whether persons, firms, limited partnerships, or corporations; providing for the collection of said tax, and imposing certain duties on County Treasurers and Mercantile Appraisers." It provides that all real estate brokers et al., shall pay an annual license tax on their gross annual receipts from commissions, etc., as follows: $10 on less than $5,000, $25 in excess of $5,000 and less than $10,000, etc. The mercantile appraiser shall assess and return to the County Treasurer the license tax to be paid by each real estate broker before the first day of May each year, which license tax shall be due and payable July 1st, each year, and if unpaid for thirty days, the County Treasurer shall sue and collect the same with a penalty. Under Section 5, a broker who had not been engaged in business the prior year, could not have a license issued to him unless he paid the minimum license tax required by the Act, $10, at the time he applied for and received his license from the County Treasurer. Section 9 provides: "Every broker having more than one place of business shall take out a license for each and every separate place of business."

The Act of May 1, 1929, supra, is entitled "An Act to define real estate brokers and real estate salesmen; and providing for the licensing, regulation, and supervision of resident and nonresident real estate brokers and real estate salesmen and their business." and is known as "Real Estate Brokers' License Law." It provides for the licensing of resident and nonresident real estate brokers and real estate salesmen. It provides that after January 1, 1930, it shall be unlawful for any person, etc., to engage in business as a real estate broker or real estate salesman in this Commonwealth without first obtaining a license from the Department of Public Instruction. This Act establishes the term of the license, the fee to be paid for same, and provides penalties for violation of the law's provisions and for revocation of the license, and further provides: "Section 16. No action or suit shall be instituted, nor recovery therein be had, in any court of this Commonwealth by any person, copartnership, association, or corporation for compensation for any act done or service rendered, the doing or rendering of which is prohibited under the provisions of this act to others than licensed real estate brokers, unless such person, copartnership, association or corporation was duly licensed hereunder as real estate broker at the time of the doing of such act or the rendering of such service."

It has been a long established rule in Pennsylvania that a real estate broker could not have the aid of the courts to enforce payment of a commission without first having paid a tax and secured a license. Luce v. Cook, 227 Pa. 224, 75 A. 1098. The law further required that the license be secured and tax paid before the date on which such commission was earned: Lessy et al. v. Fletcher, 89 Pa. Superior Ct. 521; Gonnelli, Jr., v. Magazzu, 97 Pa. Superior Ct. 595.

The lower court, in an opinion by WILSON, J., held that the plaintiff, having satisfied the requirements of

the Act of 1929, P. L. 1216, was not compelled to comply with the provisions of the Act of 1907, P. L. 175, as amended, in order to collect her commission.

Immediately prior to the Real Estate Brokers' License Act of 1929, the Revenue Act of May 7, 1907, P. L. 175, was applicable: Verona v. Schenley Farms Co., 312 Pa. 57, 167 A. 317.

The primary purpose of the passage of the Act of May 1, 1929, was to correct the evils that then existed and had for some time existed in conducting the business of real estate brokers and real estate salesmen. The Act is comprehensive and the Department of Public Instruction retains full control over the licensing of real estate brokers, and in case real estate brokers violate the Act of 1929, or any other law relating to brokers, complaint can be made to the Department of Public Instruction, and if complaint is sustained, the broker can be removed and can no longer do business as a real estate broker in the State.

This Act then having for its purpose the licensing, regulation and supervision of real estate brokers prohibits any one from doing business unless so licensed, and specifically states that no compensation shall be recovered unless license is issued under this Act; and in the regulation of real estate brokers, the Act specifies that unless licensed thereunder they can not collect a commission, but does not make any other exception, which must plainly indicate that the Legislature intended that a person licensed under this Act, and authorized to transact business under certain rules and conditions in the State of Pennsylvania, was not required as a prerequisite to collection of commission, to do anything further so long as he complied with the rules and regulations as provided by this Act and by the Department of Public Instruction.

We are of the opinion that the Act of 1929 did not repeal the provision of the Act of 1907 as to the pay-

ment of the license tax which is based upon the amount of business of the previous year, but that it has been superseded by the passage of the Act of 1929, so far as compelling the payment of this tax in addition to the payment for a license under the Act of 1929 as a prerequisite to doing business is concerned. The primary purpose of the Act of 1907, as indicated by its title, is "To provide revenue by imposing a license tax etc."

We agree with the conclusion of the lower court that the real estate broker's license issued to plaintiff in January, 1933, by the Department of Public Instruction authorized her to transact business as a real estate broker during the fiscal year 1933, and authorized and qualified her to bring and maintain this action for a commission earned by her in April, 1933, and that the payment of a tax levied and assessed under the provisions of the Act of 1907 is not now a condition precedent to the maintenance of a suit to collect a commission by a real estate broker duly licensed under the Real Estate Brokers' License Law of 1929.

The assignment of error is overruled and judgment affirmed.