Argued October 7, 1949.
This suit in assumpsit for services rendered by the plaintiff in connection with the sale of the defendant's hardware business was tried by a court without a jury. The trial judge found for the plaintiff, defendant's motion for judgment n. o. v. was refused, and this appeal followed.
The action is based on an oral contract. The plaintiff is a hardware salesman who for "approximately 17 or 18 years" had "done business" with the defendant, who was engaged in the general hardware business in Philadelphia. According to the testimony of the plaintiff, on or about February 14, 1945, the defendant advised him that his hardware business, including the real estate, was for sale and requested the plaintiff to find a purchaser agreeing to "take care of him" if he did. The plaintiff stated that he knew a man, Noskow, "who will be interested in buying your business" but that he did not know whether Noskow would be interested in purchasing the real estate. He took Noskow *Page 103 
to the defendant's "store" and Noskow finally purchased the "business" of the defendant — stock of merchandise, fixtures and good will — for $20,000.00. Plaintiff sued for $2,000.00, being ten per cent. commission on the sale price of the business. The defendant denied that he had a contract with the plaintiff relative to a purchaser, or that the plaintiff rendered any services in connection with the sale of the business. The trial judge found that a contract existed between the parties, that the plaintiff rendered services thereunder and that the fair value of those services was $2,000.00.
Citing in support of his position Alford v. Raschiatore,163 Pa. Super. 635, 63 A.2d 366, and Burns v. Gartzman,139 Pa. Super. 453, 11 A.2d 708, the defendant contends that the plaintiff is barred from recovery by the provisions of section 16 of the Real Estate Brokers License Act of 1929, P. L. 1216, 63 PS 446, which provides: "No action or suit shall be instituted, nor recovery therein be had, in any court of this Commonwealth by any person . . . for compensation for any act done or service rendered, the doing or rendering of which is prohibited under the provisions of this act to others than licensed real estate brokers, unless such person . . . was duly licensed hereunder as real estate broker at the time of the doing of such act or the rendering of such service."
In the Alford case the only question before us was whether the plaintiff had "negotiated" a sale of the property within the meaning of section 2 of the Real Estate Brokers License Act (63 PS 432). In the Burns case the plaintiff sought to recover a commission for procuring certain individuals as purchasers of a bakery business and lessees of the real estate in which the business was conducted. In that case the purchasers of the property and the lessees were the same, and the procuring of *Page 104 
them as such was one transaction. In this case Noskow who purchased the defendant's business was also the purchaser of the real estate. However, there is no evidence that the plaintiff negotiated or had anything to do with the sale of the real estate, he does not contend that he did and he makes no claim for a commission on its sale.
Furthermore, viewing the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the plaintiff as we are required to do since the fact-finder found in his favor (Madison v. Lewis, 151 Pa. Super. 138,30 A.2d 357), it appears that the purchase of the business by Noskow and his purchase of the real estate were separate transactions. Paragraph 7 of the plaintiff's statement of claim, admitted by defendant's answer and introduced into evidence, reads in part as follows: "By the terms of said agreement, the said David Noskow was to pay to the Seller the sum of $20,000.00 for the stock, fixtures, auto truck and good will of the said general hardware business and an additional sum of $20,000.00 for the real estate. . . ." The transfer of the business and payment therefor was made about March 1, 1945, and the transaction relative to the real estate was concluded about a month later.
The trial judge found that the plaintiff and the defendant entered into an agreement "for the sale of defendant's hardware business only; that the contract was severable as between the defendant and the buyer with regard to the business proper and the real estate in which it was conducted; that plaintiff procured a purchaser for the business only. . . ." These factual findings have the force and effect of a verdict of a jury and being supported by evidence are conclusive. Perletto v. Lancaster Ave. Bldg. Loan Assn.,353 Pa. 366, *Page 105 45 A.2d 10; Jann v. Linton's Lunch, 150 Pa. Super. 653,29 A.2d 219. Consequently, section 16 of the Real Estate Brokers License Act is not applicable to the facts of this case and the learned court below properly refused the defendant's motion for judgment n. o. v.
Judgment affirmed.