SCHULTZ v. PALMER WELLOCT
TOOL CORP. et al.
Civ. No. 167.

United States District Court,
W. D. Pennsylvania.

Feb. 13, 1953.

John D. Ray and Harold F. Reed, Jr., (of Reed, Ewing & Ray), Beaver, Pa., Robert E. Kline, Pittsburgh, Pa., for plaintiff.

George J. Barco (of Barco and Barco), Meadville, Pa., Elder W. Marshall and John D. McIntyre (of Reed, Smith, Shaw & McClay), Pittsburgh, Pa., for defendants.

E. Lowry Humes (of Humes & Kiebort), Meadville, Pa., for Robert W. Palmer.

MARSH, District Judge.

Plaintiff brought this action to recover a commission under an exclusive agency contract with the defendant corporation. The individual defendants are the sole stockholders. At the close of the plaintiff's case, the defendants moved for a directed verdict, setting forth three reasons, as follows:

"[F]irst, that the plaintiff has shown that the commission in this case sought to be recovered, involved inter alia the sale of real estate, and it is admitted that the plaintiff is not and was not a licensed real estate broker under the laws of Pennsylvania."

"Second, the letter of authority to the plaintiff expressly provided that there should be no liability unless and until a sale was consummated, and plaintiff has shown that no sale ever was consummated."

Third, "plaintiff's theory being that he can recover if he can show that he produced a customer ready, able and willing to buy on terms satisfactory to the seller, the evidence proves that the proposed purchaser, plaintiff's customer, * * * was never ready and willing to buy."

The motion was granted principally for the first reason presented.[1] The plaintiff now moves to set aside the directed verdict and for a new trial.

It appeared from the evidence that the defendant corporation, by its principal officers, the individual defendants, gave to plaintiff, for six months, the exclusive right to sell the tool and forging business

1. Whether the defendants by the contract intended the plaintiff to sell "real estate" as distinguished from a "business" was agreed at pretrial to be a question of law for the court.

conducted by the corporation. This business was carried on and maintained in a building situated on 7 or 8 acres of land owned by the corporation. The land was valued at $9,000, the building at $104,000, and the equipment contained therein at $118,000, or a total of $231,-000. Other assets included cash, accounts receivable, furniture and fixtures, etc. The company books disclosed total assets of $423,000.[2]

The plaintiff testified that he knew he was selling the real estate of the defendant company as part of its business. The agency contract, which was dictated by the plaintiff and executed by the corporation, provided that he was to sell "everything in connection with and pertaining to this business." The asking price was fixed at $355,000 with "leeway down to $315,000.00." The contract concluded with the following:

> "It is understood and agreed that we are not subject to any charge whatsoever except your regular fee upon your consummation of the sale."

The commission was to be 6%. A sale was not consummated.

It is admitted that plaintiff did not have a Pennsylvania real estate broker's license. Such a license is required in Pennsylvania by the Real Estate Brokers License Act, 1929, May 1, P.L. 1216, as amended, 63 Pa.Purdon's Stat.Ann. § 431 et seq. Section 6 (63 Pa. Purdon's Stat.Ann. § 436), makes it unlawful to act in the capacity of a real estate broker without first obtaining a license. Section 16 (63 Pa.Purdon's Stat.Ann. § 446), provides as follows:

> "No action or suit shall be instituted, nor recovery therein be had, in any court of this Commonwealth by any person, copartnership, association, or corporation for

compensation for any act done or service rendered, the doing or rendering of which is prohibited under the provisions of this act to others than licensed real estate brokers, unless such person, copartnership, association or corporation was duly licensed hereunder as real estate broker at the time of the doing of such act or the rendering of such service."

Plaintiff contends that the real estate to be sold consisted of the land and since it was valued at only $9,000 it was incidental to the sale of the business for $355,000 and the aforementioned act does not prevent him from recovering the commission which he allegedly earned. However, in our view, the real estate to be sold along with the business includes not only the land but the building and equipment, and as such, was a very substantial part of the corporation's assets. It is established that machinery and equipment essential to the manufacturing process are considered as real estate and title to same would pass by the corporation's deed of conveyance.[3]

The remedial clauses of the statute involved have been liberally construed by the courts to effect the intent and purposes of the Legislature and accordingly it has been held that one who negotiates in Pennsylvania a sale of real estate without a license even though it is an isolated transaction cannot recover a commission; Verona v. Schenley Farms Co., 1933, 312 Pa. 57, 167 A. 317; Alford v. Raschiatore, 1949, 163 Pa. Super. 635, 63 A.2d 366. At the trial it seemed clear that on the authority of Burns v. Gartzman, 1940, 139 Pa.Super. 453, 11 A.2d 708, one who, without a license, undertook to negotiate the sale of a "bakery business" which included real estate among the assets could not recover a commission. Plaintiff argues

2. Jurisdiction was premised upon diversity of citizenship. The contract was executed in Pennsylvania; the parties and the court, at the trial and at argument, assumed that Pennsylvania law applied. See Guaranty Trust Co. v. York, 1945,

326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079.

3. See Appeal of Williams, 1889, 1 Monag., Pa., 274, 16 A. 810, 24 Wkly. Notes Cas. 365.

that his contention, i. e., that the real estate was only incidental to the sale, was not raised in that case; but it is plain that the denial of the commission turned on the fact that the real estate was a part of the transaction; otherwise, there was no basis for application of the Act.

The rule we derived from the Burns decision is fortified by Alford v. Raschiatore, supra, similar to the case at hand on its essential facts, in which it is apparently taken for granted that a commission cannot be recovered by one who negotiated the sale of a "restaurant business" which included real estate; and by Schoenfeld v. Meckes, 1950, 166 Pa.Super. 101, 70 A.2d 377, where a commission was recovered for the sale of a "hardware business" *separately sold from the real estate* in which it was conducted, the real estate being purchased in a separate transaction one month after the purchase of the business.

At the trial, plaintiff cited Ruiz v. Mendez, D.C. Puerto Rico, 1949, 86 F. Supp. 29, 33. This case is clearly distinguishable from the case sub judice. In that case the purchasers hired a machinery broker to locate certain equipment for a distillery. The machinery broker located the equipment in a plant in Florida but the sellers would sell only if the purchasers took the land and buildings as well as the equipment. The trial judge found that the purchasers did not contemplate the purchase of real estate; that the parties contemplated the broker's compensation would be based only on his services in obtaining distillery equipment and machinery, and not upon the land; that the purchase of the land "was purely incidental"; that the record is silent as to the value of the land; and that the purchasers represented that they were ready to purchase the distillery for the purpose of dismantling and shipping the same to Puer-

to Rico. In the instant case, however, the defendant corporation contemplated the sale of all of its assets and the proposed purchaser contemplated using the land, buildings and machinery; in other words, the real estate instead of being an unavoidable incident of the sale was a vital, necessary and substantial element thereof.

Since the trial, the plaintiff has called our attention to an extract from a treatise by Professor Robert W. Semenow [4] and to several cases [5] decided under a similar New York statute which indicated that the rule we thought was established in Pennsylvania is inequitable and that the term "real estate," as used in the Act and being without definition therein, was not intended to embrace the sale or attempted sale of a going industrial plant or business such as the one involved in this case. There is considerable to be said in favor of this view of the problem but we have determined that a contrary position was at least indicated by the Pennsylvania cases above cited, and it is the Pennsylvania law which, we think, we are obliged to seek and by which we are bound.

The remaining two reasons assigned by defendants are not free from difficulty. We are of the opinion, however, that neither warrants a directed verdict. The evidence submitted in behalf of the plaintiff tends to establish that he produced a ready, willing and able purchaser for the price of $355,000, but that defendants, perhaps in violation of their contract with plaintiff, broke a subsequent promise to the proposed purchaser by refusing to send to the latter copies of certain income tax returns which were necessary to enable it to confirm the price of $355,000, and thereby effectively and perhaps wrongfully forestalled the probability that this prospect would consummate the proposed sale. See Restatement of Contracts § 295, to the effect that the de-

4. Survey of Real Estate Brokers License Laws (1941), page 77; reprinted Questions and Answers on Real Estate, Prentice Hall (1948), page 305.

5. Weingast v. Rialto Pastry Shop, 1926, 243 N.Y. 113, 152 N.E. 693; Shalov v. Rosovsky, 1929, 136 Misc. 132, 239 N. Y.S. 54; see also cases collected at 88 A. L.R. 1422 and 167 A.L.R. 768.

942

fendants should not be permitted to defeat plaintiff by taking advantage of their own wrong.

Also, there was evidence that defendants attempted to revoke the agency contract during its life, by letter and later by their actions, but revocation occurred only after the plaintiff had interested a prospect who was able and perhaps ready and willing to purchase. The attempted revocation, we think, is of no avail.[6] See Williston on Contracts, Revised Ed., section 60A, note 2, page 168, Vol. 1.

As we summarize the facts of the case, except for the absence of the real estate broker's license, the jury might have found a verdict for plaintiff in the sum of $21,300.[7]

The motion will be denied.

6. Considerable discussion on this point developed at pretrial.

7. It was agreed at pretrial that plaintiff was either entitled to a commission of 6% of the selling price as damages or nothing.