## SCHULTZ v. PALMER WELLOCT TOOL CORP. et al.

### No. 11047.

United States Court of Appeals Third Circuit.

Argued Sept. 17, 1953.

Decided Oct. 6, 1953.

John D. Ray, Beaver, Pa. (Reed, Ewing & Ray, Beaver, Pa., and Robert E. Kline, Pittsburgh, Pa., on the brief), for appellant.

Elder W. Marshall, Pittsburgh, Pa. (John D. McIntyre, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., and George J. Barco, Barco and Barco, Meadville, Pa., on the brief), for appellees.

Before BIGGS, Chief Judge, and GOODRICH and HASTIE, Circuit Judges.

GOODRICH, Circuit Judge.

This case involves the applicability of a Pennsylvania statute which requires licenses from real estate brokers. Real Estate Brokers License Act of 1929, P. L. 1216, as amended, Pa. Stat. Ann. tit. 63, § 431 *et seq*.

The plaintiff is a Cleveland broker who specializes in buying and selling of manufacturing plants. He was authorized by the defendants to find a purchaser for defendants' manufacturing plant in Meadville, Pennsylvania. It may be assumed, for the purpose of this appeal, that the plaintiff has carried out his part of the bargain and that he would be entitled to recover the stipulated commission if the Pennsylvania statute above cited did not stand in the way. The district court, in a carefully considered opinion, concluded that it did, 1953, (W.D.Pa.), 115 F.Supp. 939.

The relevant portion of the statute, Pa. Stat. Ann. tit. 63, § 446, provides as follows:

"No action or suit shall be instituted, nor recovery therein be had, in any court of this Commonwealth by any person, copartnership, asso-

ciation, or corporation for compensation for any act done or service rendered, the doing or rendering of which is prohibited under the provisions of this act to others than licensed real estate brokers, unless such person, copartnership, association or corporation was duly licensed hereunder as real estate broker at the time of the doing of such act or the rendering of such service."

The plant in question was situated on seven or eight acres of land owned by the defendant corporation. The land was said to be valued at about $9,000 while the asking price for the enterprise as a going concern was to be $355,000. The plaintiff argues with a very considerable degree of plausibility that such a transaction as this is not within the coverage of the Real Estate Brokers License Act. This argument is backed up by an excerpt from a treatise by Professor Robert W. Semenow:

> "We may next consider whether license laws regulate 'business', 'business chance', or 'business opportunity brokers'. Here again, the subject matter, a grocery, restaurant, or garage, is personal property and license laws do not apply. A business broker who sells a store, the lease, the good will and everything that goes with a thriving business, is not a real estate broker within the law requiring real estate brokers to procure a license."

Semenow, Survey of Real Estate Brokers License Laws 77 (1941). Several New York cases also buttress this position, their theory being that in this situation sale of the realty is merely incidental to sale of the business. Weingast v. Rialto Pastry Shop, Inc., 1926, 243 N.Y. 113, 152 N.E. 693; Shalov v. Rosovsky, 1929, 136 Misc. 132, 239 N.Y.S. 54; James v. Alderton Dock Yards, Ltd., 1928, 225 App.Div. 675, 231 N.Y.S.

215; also Ruiz v. Mendez, D.C.P.R.1949, 86 F.Supp. 29.

On this matter we have a very limited range of choice. The parties are in court by diversity only. The controlling question is the interpretation of a local statute. On this we must follow the decisions of the state courts and have no area for interpretation ourselves unless the question is left in doubt by the state authorities.

Both sides admit that the exact question raised in this case has not been passed upon locally. We must get our local law then from the trend of the Pennsylvania decisions. An examination of them leaves us in no doubt as to what the trend is. The statute has received a very broad application and we think it pretty certain that it would be applied to cover this case by a Pennsylvania court.

The Pennsylvania cases are as follows: Downing v. Marks, 1935, 318 Pa. 289, 178 A. 676; Burns v. Gartzman, 1940, 139 Pa.Super. 435, 11 A.2d 708; Alford v. Raschiatore, 1949, 163 Pa.Super. 635, 63 A.2d 366; Schoenfeld v. Meckes, 1950, 166 Pa.Super. 101, 70 A.2d 377.

Downing v. Marks, 1935, 318 Pa. 289, 178 A. 676 was an "isolated transaction" case and permitted recovery by one who had not held himself out as broker. But that was on a contract executed before the Act of 1929.[1]

The purpose of the Pennsylvania statute was explained by the Supreme Court in Verona v. Schenley Farms, 1933, 312 Pa. 57, 167 A. 317. In Schoenfeld v. Meckes, 1950, 166 Pa.Super. 101, 70 A.2d 377 the plaintiff's recovery depended upon the fact that the provisions for the sale of the land and the going business were severable and the recovery was only for the non-real estate side of the transaction.

We think the two cases that clinch the present case in favor of the defendant

1. So stated in Freeman v. Foster, 1936, 121 Pa.Super. 595, 184 A. 469. "It was the legislation of 1929 and 1937 that brought about the change in the statutory

and decisional law as to real estate brokers." Parish v. Werner, 1944, 51 Pa.D. & C. 165, 168.

**654**

are Burns v. Gartzman, 1940, 139 Pa. Super. 435, 11 A.2d 708 and Alford v. Raschiatore, 1949, 163 Pa.Super. 635, 63 A.2d 366. One cannot read the discussion of the application of the statute in those opinions and feel any doubt about what a Pennsylvania court would do if this case were in state court instead of federal court.

We concede that there is good argument to be made for the New York view in not applying this statute to the situation where a going business is being sold and the real estate part of it is purely incidental. But that is not a choice we are at liberty to make. We think the district court was right in construing the statute and that it applies to the present set of facts with the result that we must hold the plaintiff cannot recover.

The judgment of the district court will be affirmed.