## Kusche, Appellant, *v.* Vulcanized Rubber & Plastics Company, Inc.

Argued November 19, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Melvin Lashner*, with him *Adelman & Lavine*, for appellant.

*David H. H. Felix*, with him *Felix & Felix*, and *Curtin & Heefner*, for appellee.

OPINION BY MR. JUSTICE EAGEN, January 5, 1965:

This is an appeal from a judgment entered on the pleadings in an action of assumpsit.

The pertinent portions of the pleadings are as follows:

The complaint alleges that the plaintiff, with many years experience in banking and negotiating loans, entered into a contract with the corporate-defendant "to negotiate a mortgage loan of $500,000 on behalf of the defendant at a fee of 3%, payable to the plaintiff by the defendant;" that the plaintiff successfully secured

a commitment for such a loan from a Philadelphia bank, which was submitted to the board of directors of the defendant-corporation; that the defendant, contrary to its agreement with the plaintiff, used this commitment as an aid to obtain a loan with similar conditions from another banking institution, and then reneged on its promise to pay the plaintiff the 3% commission agreed upon.

The answer denied material allegations in the complaint, and, as an additional defense, averred under new matter, that plaintiff was barred from recovery of any compensation by the Real Estate Brokers License Act of May 1, 1929, P. L. 1216, as amended, 63 P.S. §431 et seq., in that during the time involved he was not licensed as a real estate broker or salesman, and did not come within the exceptions for which no license was required.

In the reply to the new matter, plaintiff admitted that he did not qualify under the Act of 1929, supra, but averred that his right to compensation was not barred "because the loan itself was not to be secured by real estate within the meaning of the Act of Assembly."

The statute involved specifically prohibits any individual, association or corporation from acting "in the capacity of a real estate broker, or a real estate salesman," in the Commonwealth of Pennsylvania unless properly licensed by the State Real Estate Commission (P. L. 1216, §12, 63 P.S. §442). It further specifically bars any individual, association or corporation from instituting suit for recovery *"for any act done or service rendered, the doing or rendering of which is prohibited under the provisions of this act to others than licensed real estate brokers, unless such person . . . was duly licensed . . . at the time of the doing of such act or the rendering of such service."* (Emphasis supplied.) (P. L. 1216, §16, 63 P.S. §446).

It further defines a real estate broker to include "all persons . . . who, for another and for a fee, commission, or other valuable consideration, shall . . . negotiate or offer or attempt to negotiate a loan, secured or to be secured by mortgage or other encumbrance upon . . . real estate. . . ." (P. L. 1216, §2, 63 P.S. §432).

Plaintiff's position is that the loan sought by the defendant was a working capital corporate loan in which the lien on the real estate was merely incidental and not the principal basis for the transaction. Hence, it is urged the loan is not of the nature contemplated by the real estate licensing act.

The facts to justify a conclusion that the loan was of such a character do not appear in the pleadings. The denial in the reply that the loan was not within the meaning of the act was purely a conclusion which amounts to nothing. See, *Verona v. Schenley Farms Co.*, 312 Pa. 57, 167 A. 317 (1933). However, at the time of argument in the court below, counsel agreed that the loan agreement upon which the loan was finally effected with the second bank should be made part of the record. If this is examined and considered, appellant argues that the nature of the transaction clearly appears, and establishes that a working capital corporate loan was involved.

We have, therefore, examined said agreement, but fail to be persuaded that it enhances plaintiff's right to recover.

The loan to be negotiated by the plaintiff was to be secured by a mortgage on real estate. The plaintiff's complaint so alleges. The loan agreement negotiated with the second bank also provides for the execution and delivery of a mortgage on the borrower's real estate. Therefore, under the clear language of the statute, plaintiff in negotiating such a loan was acting in the capacity of a real estate broker, and the secur-

ing of a license was a condition precedent to any enforcement of a contract to pay commissions for such service: *Newhouse v. Dipner,* 118 Pa. Superior Ct. 101, 180 A. 88 (1935), and *Schultz v. Palmer Welloct Tool Corp.,* 115 F. Supp. 939 (W.D. Pa.), aff'd 207 F. 2d 652 (3d Cir. 1953).

It may be argued that this was an isolated transaction on the part of the plaintiff, and hence, the statutory proscriptions do not apply. This is not correct. Cf. *Alford v. Raschiatore,* 163 Pa. Superior Ct. 635, 63 A. 2d 366 (1949), and *Verona v. Schenley Farms Co.,* supra.

A transaction, such as here involved, isolated or not, is protected and exempt from the provisions of the statute, if the person rendering the service holds in good faith a duly executed letter of attorney from the owner of the property, which is recorded in the office of the recorder of deeds. Unfortunately in this case, plaintiff did not record any letter of authority.

Judgment affirmed.

---

DISSENTING OPINION BY MR. JUSTICE COHEN:

Judgment on the pleadings should be granted only in cases which are clear and free from doubt. This is not such a case. The loan commitment agreement negotiated by plaintiff was a usual one between a commercial lender and borrower when a large sum of money is involved. Among numerous other conditions and restrictions which were present here, and which are usually present between such parties, the loan commitment was also made subject to the execution and delivery of a mortgage as collateral for the loan. The note itself, upon which the $500,000 was advanced, clearly indicated that the loan was made on the *note* collateralized by a mortgage.

I read the commitment agreement and notes as being essentially a commercial loan transaction which,

although it involves mortgage security, is not the kind of "loan, secured . . . by mortgage" the negotiation of which the legislature intended to restrict to licensed real estate brokers. Even a casual observer realizes that the financial world draws a distinction between "commercial banking" and "mortgage banking," the former being handled by banking institutions like the lender in the instant case, while the bulk of the latter is handled by federal savings and loan associations and savings banks. In fact, the controller of the currency restricts the activity of commercial banks in mortgage loans.

But even if I am not correct as to the nature of the instant transaction the matter is not so clear that plaintiff, by granting judgment in the pleadings, should be denied an opportunity to demonstrate that the facts do not warrant application of the Real Estate Brokers License Act.

I dissent.

Mr. Justice JONES joins in this dissenting opinion.