399 A.2d 779

Eugene BURKE, Appellant,

v.

Herman ISRAEL, Walter J. Fitzmartin, Jane A. Fitzmartin, Yvonne Eileen Clark O'Brien, Executrix of the Estate of Madeline P. Clark and Yvonne Eileen Clark O'Brien, Executrix of the Estate of John Clark.

Superior Court of Pennsylvania.

Argued April 17, 1978.

Decided March 16, 1979.

---

**3.** Because we reverse for the reasons above, we do not consider the merits of appellant's other arguments.

Harry J. Gruener, Pittsburgh, for appellant.

Thomas Levendos, Pittsburgh, for appellees.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

SPAETH, Judge:

This is an appeal from an order of the lower court granting a demurrer and dismissing a complaint in assumpsit.

The complaint alleges the following facts: In January 1965 appellees Walter and Jane Fitzmartin, John and Madeline Clark, and Herman Israel each acquired an interest in all coal and coal mining rights with respect to certain land in Clay, Owsley, and Perry counties in the State of Kentucky. John and Madeline Clark died, and in 1973 Patrick Clark was appointed executor of their estates. In April 1975 Patrick Clark, allegedly on behalf of all appellees, orally retained appellant to find persons interested in acquiring the coal interests. On September 9, 1975, Clark sent a letter to appellant stating the terms of this oral retainer. The letter stated:

"Patrick D. Clark
  Attorney at Law
      Plaza 5. 1625 Union Avenue-
      Natrona Heights, Pa. 15065
      412–224–2228

September 9, 1975

Eugene P. Burke
35 Easton Road
Pittsburgh, Pa.
Dear Sir:
This will formalize our arrangement for you to proceed in negotiating a sale of the coal interests owned by the Estate of Madeline P. Clark. As Executor I authorize the following: On any sale of said property in excess of five

point five million ($5,500,000.00) Dollars which you negoti-
ate, you shall receive a commission of ten (10%) percent of
the selling price payable in accordance with the terms of
the sale of the property. In the event that you negotiate
a sale for less than the aforesaid sum, we shall negotiate
your fee at the time of the sale.

> Very truly yours,
> (s/d) Patrick D. Clark
> Patrick D. Clark
> Executor of the Estate of
> Madeline P. Clark

Accepted: (s/d) Eugene P. Burke
Eugene P. Burke"

On March 8, 1976, appellant introduced Clark and Walter
Fitzmartin to John Halbert of the Halbert Construction
Company. The parties discussed the possibility of leasing
the coal property to the Halbert Construction Company. At
the conclusion of the meeting Clark gave appellant a signed
handwritten note reaffirming the terms of the oral agree-
ment of April 1975. On July 28, 1976, the appellees entered
into an agreement with the Halbert Construction Company.
Under this agreement the Halbert Construction Company
leased the coal property for a term of three years, with two
options to renew. One option was to lease for an additional
three years, the other was to lease for an additional two
years after that. The lease also gave Halbert Construction
Company an option to purchase the property. The minimum
royalty payment for the first three year term of the lease
was $250,000. The minimum royalty for the second and
third renewals was $100,000 and $250,000, respectively. To
exercise the option to purchase Halbert Construction Compa-
ny would have to pay $8,000,000 less the total amount of any
royalties previously paid under the lease. Appellant de-
manded a commission according to the April 1975 agree-
ment. When appellees refused to pay him, he brought the
present action in assumpsit. Although the initial royalty
payment was for $250,000, appellant demanded in his com-
plaint that he receive payment of $800,000, or ten percent of
the option to purchase price.

In sustaining the demurrer to the complaint the lower court held that appellant could not recover a commission because he was not licensed—had not pleaded that he was licensed—under the Real Estate Brokers License Act.

Section 16 of the Real Estate Brokers License Act provides:

> No action or suit shall be instituted, nor recovery therein be had, in any court of this Commonwealth by any person, copartnership, association, or corporation for compensation for any act done or service rendered, the doing or rendering of which is prohibited under the provisions of this act to others than licensed real estate brokers, unless such persons, copartnership, association or corporation was duly licensed hereunder as real estate broker at the time of doing of such act or the rendering of such service. Act of May 1, 1929, P.L. 1216, § 16, 63 P.S. § 446.

The courts have interpreted this section as precluding any recovery of a commission, fee, or other consideration by anyone who without a license acts as a broker in a transaction involving real estate. *See Verona v. Schenley Farms Co.,* 312 Pa. 57, 167 A. 317 (1933); *Harrison v. Soffer,* 221 Pa.Super. 275, 289 A.2d 752 (1972); *Alford v. Raschitore,* 163 Pa.Super. 635, 63 A.2d 366 (1949). The obtaining of a license is a condition precedent to the enforcement of a commission agreement and the failure to obtain the required license renders the agreement illegal and unenforceable. *See Kusche v. Vulcanized Rubber & Plastics Co., Inc.,* 416 Pa. 364, 206 A.2d 40 (1965); *Burns v. Gartzman,* 139 Pa.Super. 453, 11 A.2d 708 (1939).

Appellant argues that the Real Estate Brokers License Act is inapplicable both because the agreement of April 1975 was not an agreement concerning real estate, and because the transaction was a single, isolated transaction, with respect to which he did not hold himself out as a "real estate broker" within the meaning of the Act.

Appellant's argument that the April 1975 agreement did not involve real estate is based on the contention that his

obligation under the agreement was solely to find a buyer of the coal, that is, a buyer of goods, not of an interest in real estate. This argument is without merit. The Real Estate Brokers License Act covers a leasehold with an option to purchase, as is involved in this case. Moreover, the letter of September 9, 1975, formalizing the agreement, while mentioning "the coal interests", also refers to "the sale of the property", and mentions a price of such magnitude—"in excess of five point five million"—as to indicate that "the property" meant the real estate.

In *Burns v. Gartzman, supra,* this court was confronted with a problem similar to the problem presented here. In that case the broker was hired to find a purchaser for a bakery business. The buyer he found not only purchased the business but also leased the premises. This court reversed the judgment for the broker, holding that the Real Estate Brokers License Act barred the recovery of any commission on either the rental of the property or the sale of the business. By contrast, in *Schoenfeld v. Meckes,* 166 Pa.Super. 101, 70 A.2d 377 (1950), this court allowed the recovery of a commission for the sale of a hardware business because the sale of the business and the sale of the store property were two separate transactions. In comparing the situation in *Schoenfeld v. Meckes, supra,* with the situation in *Burns v. Gartzman, supra,* this court stated:

In the *Burns* case the plaintiff sought to recover a commission for procuring certain individuals as purchasers of a bakery business *and* lessees of the real estate in which the business was conducted. In that case the purchasers of the property and the lessees were the same, and the procuring of them as such was one transaction. In this case Noskow who purchased the defendant's business was also the purchaser of the real estate. However, there is no evidence that the plaintiff negotiated or had anything to do with the sale of the real estate, he does not contend that he did and he makes no claim for a commission on its sale.

Furthermore, viewing the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the plaintiff as we are required to do since the fact-finder found in his favor (*Madison v. Lewis,* 151 Pa.Super. 138, 30 A.2d 357), it appears that the purchase of the business by Noskow and his purchase of the real estate were separate transactions. Paragraph 7 of the plaintiff's statement of claim, admitted by defendant's answer and introduced into evidence, reads in part as follows: "By the terms of said agreement, the said David Noskow was to pay to the Seller the sum of $20,000.00 for the stock, fixtures, auto truck and good will of the said general hardware business and an additional sum of $20,-000.00 for the real estate . . .." The transfer of the business and payment therefor was made about March 1, 1945, and the transaction relative to the real estate was concluded about a month later.

The trial judge found that the plaintiff and the defendant entered into an agreement "for the sale of defendant's hardware business only; that the contract was severable as between the defendant and the buyer with regard to the business proper and the real estate in which it was conducted; that plaintiff procured a purchaser for the business only . . .." These factual findings have the force and effect of a verdict of a jury and being supported by evidence are conclusive. *Perletto v. Lancaster Ave. Bldg. & Loan Assn.,* 353 Pa. 366, 45 A.2d 10; *Jann v. Linton's Lunch,* 150 Pa.Super. 653, 29 A.2d 219. Consequently, section 16 of the Real Estate Brokers License Act is not applicable to the facts of this case and the learned court below properly refused the defendant's motion for judgment n. o. v.

*Schoenfeld v. Meckes, supra,* 166 Pa.Super. at 103–05, 70 A.2d at 378.

In this case, as in *Burns v. Gartzman, supra,* the sale of the coal was part of the same transaction as the lease of the real estate. Appellant has not made a claim " 'severable . . . with regard to the business proper [mining and

selling the coal] and the real estate on which it was conducted' ", *Schoenfeld v. Meckes, supra,* but instead has claimed a commission on the sale of the real estate, or ten percent of $8,000,000. Had appellant claimed a commission based solely on the sale of coal, and had the transactions been separate, recovery might be allowed.

Appellant's argument that the Real Estate Brokers License Act does not bar recovery where the commission agreement involves an isolated transaction and the person seeking the commission has not held himself out to be a broker is also without merit. In defining "real estate broker" the Act provides:

> One act in consideration of compensation, by fee, commission or otherwise, of buying, selling, renting or exchanging any such real estate of or for another, or attempting or offering so to do, or negotiating a loan upon or leasing or renting or placing for rent any such real estate, or collection of rent therefrom, shall constitute prima facie evidence that the person, copartnership, association, or corporation, so acting or attempting to act, is a real estate broker within the meaning of this act.

Act of May 1, 1929, P.L. 1216, § 2, 63 P.S. § 432. In interpreting this provision, the Supreme Court has held "that every person engaged as defined . . . *if even for a single transaction* . . . must have a license." *Verona v. Schenley Farms Co., supra,* 312 Pa. at 66, 167 A. at 320 (emphasis added). *See also Kusche v. Vulcanized Rubber & Plastics Co., Inc., supra* (argument that Act does not apply to a single isolated transaction rejected).

■ Appellant also argues that even if the Act would apply to bar his action, it was nevertheless error for the lower court to decide the licensure issue on the basis of a demurrer. This argument is also without merit. The fact of licensure is a condition precedent to the action; satisfaction of the condition therefore had to be pleaded. *See Burns v. Gartzman, supra; see also* Comment, Recovery of Commissions by Unlicensed Real Estate Brokers, 80 Dick.L.Rev. 500, 507 (1976). Appellant's failure to plead that he had the

required license amounted to failure to plead capacity to bring the action. *Cf. Kusche v. Vulcanized Rubber & Plastics Co., Inc., supra* (judgment on pleadings proper where plaintiff did not have license).

We recognize that in affirming we may be depriving appellant of money he has truly earned, and allowing appellees to repudiate their agreement with appellant while retaining the benefits of his labors. Perhaps it is true that "[i]njustice is the hallmark of the brokers' licensing acts". Comment, *supra* at 524. Yet the legislative policy of disallowing any action for a commission without a license is clearly expressed in the Real Estate Brokers License Act, and has been upheld by decisions of the Supreme Court and this court: If the policy is to be changed, the change must be made by the legislature. *See Lurie v. Republican Alliance*, 412 Pa. 61, 192 A.2d 367 (1963).

Affirmed.

JACOBS, former President Judge, HESTER and HOFFMAN, JJ., did not participate in the consideration or decision in this case.