## Golibart v. Reamer

*Samuel E. Teeter*, for plaintiff.

*Henry O. Heiser*, for defendant.

KUHN, *J.*, April 24, 1989 — Plaintiff has filed a complaint seeking recovery of a fee he claims to have earned pursuant to an oral agreement with defendants. He avers that defendants hired him to find an investor who would either purchase their interest in certain real estate in Carroll Valley Borough or who would join with defendants to develop the real estate by constructing a planned unit development.

Plaintiff further avers that he introduced Alexander Ellioff to defendants as a prospective purchaser of the real estate but that Ellioff instead entered into a partnership with defendants to develop the real estate. The partnership allegedly now owns the real estate. When plaintiff submitted his statement for the agreed-upon finder's fee, defendants refused his demand.

Defendants filed preliminary objections in the nature of a demurrer challenging plaintiff's capacity to sue. Defendants argue that plaintiff must aver that he is a licensed real estate broker in Pennsylvania as a condition precedent to bring suit for enforcement of a commission agreement.

To address defendants' objections, we must first examine the Real Estate Licensing and Registration Act of 1980, 63 P.S. §455.101-909.

Section 301 of the act provides that:

"It shall be unlawful for any person, . . . acting in the capacity of a broker . . . within this commonwealth without first being licensed or registered as provided in this act, unless he is exempted from obtaining a license or registration certificate under the provisions of section 304."

The term "broker" is defined in section 201, in part, as:

"Any person who, for another and for a fee, commission or other valuable consideration:

"(1) negotiates with or aids any person in locating or obtaining for purchase, lease or acquisition of interest in any real estate;

"(2) negotiates the listing, sale, purchase, exchange, lease, time share and similarly designated interests, financing or option for any real estate; . . ."

Section 302 of the act provides:

"No action or suit shall be instituted, nor recovery be had, in any court of this commonwealth by any person or compensation for any act done or service rendered, the doing or rendering of which is prohibited under the provisions of this act by a person other than a licensed broker . . . unless such person was duly licensed and registered hereunder as broker . . . at the time of offering to perform any such act or service or procuring any promise or contract for the payment of compensation for any such contemplated act or service."

We have not been directed to case authority interpreting the 1980 act, however, because the language of the Real Estate Brokers License Act of 1929, 63 P.S. §446* is nearly identical, cases interpreting the earlier act are instructive.

Plaintiff concedes, as he must, that if the agreement was to procure a purchaser of real estate, he is precluded by the act from proceeding further. *Alford v. Raschiatore,* 163 Pa. Super. 635, 63 A.2d

*Repealed February 19, 1980, P.L. 15, §901. ·

366 (1949). He argues instead that he was hired to find an investor for the development of the parcel of real estate, i.e. a business venture separate and apart from ownership of the real estate. We agree that if plaintiff was hired only to find a purchaser of a business located on certain real estate, the act does not apply, even if the prospect eventually also purchases the real estate itself. *Schoenfeld v. Meckes,* 166 Pa. Super. 101, 70 A.2d 377 (1950). That situation is not suggested by the complaint.

Plaintiff's letter to defendants dated November 8, 1988, and attached to the complaint as an exhibit states, "You were recently successful in your efforts to convey your option on the above-mentioned property due to the individual I introduced to your venture, Mr. Alexander Ellioff." Thus, it appears that in November 1988, plaintiff was seeking a finder's fee because of the transfer of interest in the real estate to the partnership which included his prospect, Mr. Ellioff. The partnership now allegedly intends to develop the tract.

Furthermore, this case seems to be controlled by *Harrison v. Soffer,* 221 Pa. Super. 275, 289 A.2d 752 (1972). There, defendants held an option on real estate in Florida which they wished to develop. They agreed to pay plaintiffs a fee for finding an investor for the project. The court held such an agreement to be unenforceable under the act. The averments sub judice are remarkably similar.

Because plaintiff did not plead that he was a licensed broker, granting the demurrer is appropriate. *Burke v. Israel,* 264 Pa. Super. 286, 399 A.2d 779 (1979). Paraphrasing the closing comments of Justice Spaeth in *Burke,* we recognize that in granting this demurrer we may be depriving plain-

tiff of a substantial sum he has earned and may be allowing defendants to reap the benefits of his efforts without compensation.

"Yet the legislative policy of disallowing any action for a commission without a license is clearly expressed in the Real Estate Brokers License Act, and has been upheld by decisions of the Supreme Court and this court: If the policy is to be changed, the change must be made by the legislature." *Burke* at 294, 399 A.2d at 783.

Therefore, we enter the following

## ORDER OF COURT

And now, April 24, 1989, defendants' preliminary objection in the nature of a demurrer is granted. Plaintiff is granted 20 days to file an amended complaint.