## Golibart v. Reamer

*Samuel E. Teeter,* for plaintiff.
*Henry O. Heiser,* for defendants.

KUHN, *J.,* November 1, 1989 — For the second time we address the same issue. On April 24, 1989, we granted defendants' preliminary objection in the nature of a demurrer challenging plaintiff's capacity to sue. Plaintiff has now filed an amended complaint to which defendants again raise plaintiff's capacity to sue.

Plaintiff now alleges that on or about June 30, 1988, he was hired by defendants to find an investor to join them in developing and building a 300-unit planned unit development on a 107-acre tract in the Borough of Carroll Valley. Defendants claimed they had an "option"[1] to purchase the tract as well as approval of a preliminary site plan from the Carroll

---

1. In reviewing the agreement of sale dated November 5, 1986, which granted defendants an interest in the real estate, we decline to use the word "option." The agreement is clearly an agreement of sale and not an option agreement.

Valley Borough Planning Commission and the Carroll Valley Borough Council. Plaintiff was to receive a finder's fee of $30,000.

On or about July 15, 1988, plaintiff introduced Alexander Ellioff to defendants as a prospective investor. Subsequently, on or about October 21, 1988, defendants entered into a partnership with Ellioff known as Carroll Valley Partnership which was organized to build and develop the project.

Plaintiff sues for the finder's fee.

Defendants allege that plaintiff was a broker within the meaning of the Real Estate Licensing and Registration Act of 1980, 63 P.S. §455.101-909, and therefore as a condition precedent to enforcement of a commission agreement he was required to aver that he was licensed under the act.

Again, we must examine the act.

Section 301 of the act provides that:

"It shall be unlawful for any person, . . . acting in the capacity of a broker . . . within this commonwealth without first being licensed or registered as provided in this act, unless he is exempted from obtaining a license or registration certificate under the provisions of section 304."

The term *broker* is defined in section 201, in part, as:

"Any person who, for another and for a fee, commission or other valuable consideration:

"(1) negotiates with or aids any person in locating or obtaining for purchase, lease or acquisition of interest in any real estate;

"(2) negotiates the listing, sale, purchase, exchange, lease, time share and similarly designated interests, financing or option for any real estate; . . . "

Section 302 of the act provides:

"No action or suit shall be instituted, nor recovery be had, in any court of this commonwealth by any person or compensation for any act done or service

rendered, the doing or rendering of which is prohibited under the provisions of this act by a person other than a licensed broker . . . unless such person was duly licensed and registered hereunder as broker . . . at the time of offering to perform any such act or service or procuring any promise or contract for the payment of compensation for any such contemplated act or service."

We must initially comment that the court has been presented with record information outside the parameters of the amended complaint. Although the information may be relevant at a later time in this case, we decline to comment upon it further in considering the precise procedural issue before the court.

Plaintiff argues that since he was hired to find an investor for the development of the parcel of real estate, i.e. a business venture separate and apart from ownership of the real estate, he is not a broker. We agree that if plaintiff was hired only to. find a purchaser of a business located on certain real estate the act does not apply even if the prospect eventually also purchases the real estate itself. *Schoenfeld v. Meckes,* 166 Pa. Super. 101, 70 A.2d 377 (1950).

Based upon the averments of the amended complaint we are compelled to overrule defendants' preliminary objections. Nothing therein suggests that plaintiff was to negotiate[2] an interest in real estate or negotiate a financing package for any real estate. Instead, he was allegedly hired to locate a developer-builder. That person would not be required to obtain an interest in the real estate. Therefore, the act would not require plaintiff to be licensed.

Therefore, we enter the attached

---

2. For future reference the parties' attention is drawn to the court's interpretation of the word "negotiate" in 163 Pa. Super. 635, 639, 63 A.2d 366, 368 (1949).

250

ORDER OF COURT

And now, November 1, 1989, defendants' preliminary objections to plaintiff's amended complaint are hereby denied.

Defendants are granted 20 days to file an answer to the amended complaint.