671 A.2d 740

**Edward PERKOVIC and Grace Perkovic, his wife, Appellants,**

v.

**Robert M. BARRETT, esquire and Carl Marcus, esquire.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1995.

Filed Feb. 16, 1996.

Elizabeth A. Beroes, Pittsburgh, for appellants.

Patricia L. Haas, Pittsburgh, for appellees.

Before CIRILLO, TAMILIA and BROSKY, JJ.

TAMILIA, Judge:

Edward and Grace Perkovic appeal from the February 10, 1995 Order sustaining appellee's preliminary objections and dismissing appellants' complaint with prejudice. The facts of this legal malpractice case are as follows.

On or about September 15, 1988, the parties entered into a contract whereby appellee [1] would pursue an appeal on behalf of appellants from an adverse trial court adjudication. Appellee did so and our Court reversed the trial court adjudication in part and remanded on the issue of damages. *See Perkovic v. Estate of Knisely, et al.,* 397 Pa.Super. 653, 571 A.2d 510 (1989), *alloc. denied,* 525 Pa. 612, 577 A.2d 544 (1990). Thereafter, appellee did not inform appellants of our reversal and remand and subsequently judgment was entered against appellants. On June 28, 1994, appellants filed their complaint against appellee alleging negligence, breach of contract and breach of fiduciary duty. By Order dated October 17, 1994, the trial court sustained appellee's preliminary objections to appellants' complaint and provided appellants forty-five (45) days in which to file an amended complaint. On November 23, 1994, appellants filed their amended complaint and appellee again responded with preliminary objections in the nature of a demurrer. On February 10, 1995, the trial court sustained appellee's preliminary objections on the basis that appellee had performed his obligations under the parties' fee agreement. Thus, the court held, appellants' complaint failed to state causes of action. This appeal followed.

1. Robert Barrett, Esquire, was dismissed from this case on motion of appellants' counsel and by court Order dated October 17, 1994. Hence, Carl Marcus is the sole appellee in this action.

■ On appeal from an Order sustaining preliminary objections in the nature of a demurrer, "we accept as true all well-pleaded material facts set forth in the complaint as well as all inferences reasonably deducible therefrom." *Dercoli v. Penn. Nat'l Mutual Ins. Co.*, 520 Pa. 471, 476, 554 A.2d 906, 908 (1989).

On appeal, appellants argue the court erred in finding that appellee owed no duty to appellants and that appellants' amended complaint therefore failed to state causes of action against appellee. Our review of appellants' brief reveals that they are asserting, in reality, two bases of liability against appellee. First, appellants claim appellee's failure to notify them of their appeal results constituted negligence, breach of contract and breach of fiduciary duty. Appellants also claim the parties' fee agreement imposed a continuing duty of representation following our remand and that appellee's failure to so represent appellants also constituted negligence, breach of contract and breach of fiduciary duty. Appellee responds that appellants' first claim is not properly before us since it was not adequately pled in appellants' amended complaint. As to appellants' second claim, appellee argues the plain language of the fee agreement clearly contemplates representation only for the appeal referenced therein, which duty terminated upon our remand.

■ As to appellants' claim of failure to notify of appeal results, we must first determine whether the issue was properly pled in the amended complaint before we can consider whether such notification was required by the fee agreement. We therefore turn to appellants' amended complaint.

Initially, the factual allegations of the amended complaint provide as follows:

(6) [Appellee] did not continue to appeal nor did he follow through with or oversee the Courts['] movement on the remanded portion of its Order.

Also, Count I of the amended complaint, alleging negligence, provides as follows:

8. The conduct of the defendant and the facts and circumstances surrounding plaintiffs' claim constitute negligence in that:

a.) Defendant violated a standard of care owed to plaintiffs in representing them and their interests;

b.) Defendant failed to exercise ordinary skill and knowledge in the area of appellate process and procedure;

c.) Defendant failed to exercise that degree to [sic] care, skill and diligence as is ordinarily possessed and exercised by appellate practice attorneys in like cases under similar circumstances;

d.) Defendant failed to use due care under the circumstances which were known to the defendant or otherwise should have been known to him in presenting plaintiffs' claim to opposing parties;

e.) Defendant failed to use professional reasonable services to plaintiffs' under the circumstances of the case.

Count II of the amended complaint, alleging breach of contract, provides as follows:

11. Defendant breached his employment contract to plaintiffs by:

c.) Not protecting plaintiffs' rights as instructed and ordered by the trial court;

Finally, Count III of the complaint, alleging breach of fiduciary duty, provides as follows:

15. Defendant was in control of plaintiffs' ability to secure their rights through appellate review which he took advantage of, acting in an unconscionable manner.

Keeping in mind our standard of review, as enunciated above, we find appellants' amended complaint sets forth with sufficient specificity appellee's failure to inform appellants of the results of their appeal. Hence, since this issue is properly before us, we may now turn to the fee agreement to determine the parties' obligations thereunder. The agreement provides, in relevant part:

We, **Edward J. Perkovic and Grace Perkovic,** his wife of Route 8, Valencia, Butler County, Pennsylvania, hereinafter referred to as "CLIENTS" hereby retain and employ **Carl Marcus, Esquire,** hereinafter referred to as "ATTORNEY" to prosecute and handle the appeals listed at Nos. 688, 689, 690 and 691 Pittsburgh Term Court of 1988 in the Superior Court of Pennsylvania;

.    .    .    .    .

CLIENTS expressly retain Attorney Carl Marcus for the handling of the appeal of this matter to Superior Court which has been timely filed; ATTORNEY is to prepare and prosecute said appeal in a diligent and professional manner;

CLIENTS agree to pay ATTORNEY the sum of fifteen thousand dollars ($15,000) to prepare and prosecute this appeal; this includes the preparation and filfing [sic] of the proper notices of appeal, preparation, legal research and legal writing necessary for the legal Brief and Appendix that is to be filed with the Superior Court. ATTORNEY agrees to represent CLIENTS at any oral argument or hearing that may be necessitated by the Superior Court in the perfecting of this appeal.

As the express language of this agreement indicates, appellee was retained for the purpose of "perfecting ... this appeal." While we have found no Pennsylvania authority on point, it is undeniable that notification of appeal results, especially where an attorney is the sole recipient of those results, is necessary to "perfecting" an appeal. Nowhere in his brief does appellee attempt to deny this principle. Hence, consistent with his duty of representation under the fee agreement, appellee owed to appellants a duty of notification and appellee does not deny he failed to perform this duty. Therefore, the February 10, 1995 Order of the trial court sustaining appellee's preliminary objections is reversed to the extent it precludes claims for negligence, breach of contract and breach of fiduciary duty based upon appellee's failure to notify appellants of their appeal results.

■ However, as to appellants' second claim, that appellee owed a duty of continued representation after notice of the remand, we agree with the trial court that no such representation is contemplated by the fee agreement. In fact, appellants admit as much when they state, "Defendant Marcus need only to have communicated the outcome of the case to the Perkovics to fulfill his duty as counsel of record on their appeal." (Appellants' brief at 12.) Further, while appellants advanced their theory of continued representation vigorously in pleadings and before the trial court, their brief is virtually silent on this point. We therefore assume appellants recognize the invalidity of their second claim. Hence, we affirm the February 10, 1995 Order granting appellee's preliminary objections to the extent it precludes appellants' action based upon a continued duty of representation.

■ Finally, in the argument section of their brief, appellants note several other procedural issues, none of which are addressed by their statement of questions complained of on appeal. Nonetheless, we will address these claims. Initially, appellants argue we should consider other aspects of the parties' relationship, and not just the fee agreement, because appellee "went beyond the scope of the exact letter of the agreement." (Appellants' brief at 14.) However, none of appellants' pleadings, nor their brief, provide a single fact indicating appellee performed duties not contemplated by the fee agreement. Appellants simply do not develop this bald assertion and we therefore are precluded from conducting any meaningful review. Next, appellants appear to claim that the court's grant of appellee's preliminary objections was inappropriate since appellee failed to answer appellants' complaint. This undeveloped argument fails in light of Pa.R.C.P. 1017, which provides that a party may file preliminary objections in response to a complaint, as appellee has done. Appellants also claim "the court is not aware of the entire facts in this case and cannot make a complete evaluation at this time." (Appellants' brief at 16.) Again, appellants fail to relate any facts not of record in this case and, at any rate, it was appellants' responsibility to set forth all facts relevant to this

action in their amended complaint. *Krajsa v. Keypunch, Inc.,* 424 Pa.Super. 230, 622 A.2d 355, 357 (1993) (complaint must summarize essential facts upon which claim is based). Finally, appellants claim the court erred in granting appellee's preliminary objections on grounds that were not raised in the preliminary objections themselves. As noted, supra, the court granted appellee's preliminary objections on the basis that appellants' complaint failed to state causes of action for negligence, breach of contract or breach of fiduciary duty. Our review of appellee's preliminary objections to appellants' amended complaint reveals the following captions:

**Demurrer for failure to state a cause of action in negligence**

**Demurrer for failure to state a cause of action for breach of contract**

**Demurrer for failure to state a cause of action for breach of fiduciary duty.**

Preliminary objections to amended complaint, 3, 5, 9.

As these captions clearly indicate, appellee's preliminary objections raised the precise grounds upon which appellants' amended complaint ultimately was dismissed. Appellants' final claim therefore fails.

Based on the foregoing, we find the averments in appellants' amended complaint adequately set forth causes of action in negligence, breach of contract and breach of fiduciary duty based upon appellee's failure to notify appellants of the results of their appeal. We also find the fee agreement required appellee to notify appellants of the results of the appeal contemplated by the agreement. Hence, we reverse the February 10, 1995 Order granting appellee's preliminary objections to the extent it precludes appellants' claims based on failure to notify. However, as to appellants' claim that the fee agreement imposed upon appellee a duty to continue representation following the remand, we find the agreement contemplated only the appeal referenced therein. Thus, appellants' complaint failed to state a cause of action for this claim and we affirm the February 10, 1995 Order in all other respects.

Reversed in part;  affirmed in part;  and remanded to the trial court for proceedings consistent with this Opinion.

Jurisdiction relinquished.