683 A.2d 1234

**Kyrone SLAUGHTER, Appellant,**

v.

**Derwin RUSHING.**

**Kyrone SLAUGHTER, Appellant,**

v.

**Alonzo BURNEY.**

Superior Court of Pennsylvania.

Submitted July 1, 1996.

Filed Oct. 28, 1996.

Kyrone Slaughter, Pro Se.

Derwin Rushing, Pittsburgh, Pro Se.

Alonzo Burney, Pittsburgh, Pro Se.

Before CAVANAUGH, J., and CIRILLO and CERCONE, President Judges Emeritus.

CERCONE, President Judge Emeritus:

These are unconsolidated *pro se* appeals from orders which dismissed two separately filed legal malpractice actions sounding in trespass.[1]  We affirm.

Plaintiff/appellant, Kyrone Slaughter, initiated the civil complaints underlying these appeals in January of 1996.  Appellant contends that two attorneys who represented him in a criminal case provided services so negligent as to amount to malpractice.  In February of 1989, appellant entered a plea of *nolo contendere* to charges of burglary, theft by unlawful taking and receiving stolen serving a term of eight to forty years in prison as a result of this plea and that he is presently incarcerated at SCI–Somerset.  The full history of the post-sentence criminal proceedings underlying the malpractice actions is unclear.  However, it appears that defendant/appellee Alonzo Burney, Esquire was appointed to represent appellant for the purposes of "post-plea" proceedings.  At some later

---

1.  Appellant initially identified these appeals as stemming from two interlocutory orders entered in January of 1996.  The final orders denying appellant *in forma pauperis* status and dismissing the complaints were not docketed until March 4, 1996.

date, defendant/appellee Derwin Rushing, Esquire was appointed to serve as PCRA counsel for appellant.

Appellant was dissatisfied with the outcome of the efforts expended by Messrs. Burney and Rushing. He therefore filed *pro se* complaints in the Civil Division of the Court of Common Pleas to initiate actions in trespass alleging legal malpractice and seeking money damages in excess of five hundred thousand dollars from each defendant. Appellant requested the trial court to grant him *in forma pauperis* status in order to proceed against the defendants. However, on January 29, 1996, the lower court denied appellant's petitions and directed him to amend his complaints so as to aver specific facts that would establish the necessary elements of attorney malpractice. Ultimately, the trial court found that appellant failed to state a cause of action against either defendant and dismissed both complaints.

The instant timely unconsolidated appeals followed. Appellant presents identical issues in both cases:

1.] Did [the] trial court err when it dismissed the complaint as frivilous [sic]?

2.] Was counsel negligent in his actions and non-actions to allow the Plaintiff to seek redress in trespass?

3.] Did [the] trial court err in not applying *Perkovic v. Barrett* as a deciding factor to determine malpractice?

4.] Did appellate counsel violate the standards of ethics and duties owed to his client?

5.] Was counsel ineffective in his actions with the court on appeal of Plaintiff's conviction?

*See* Appellant's Briefs at 5. Because our resolution of the first and third claims fully disposes of this case, we shall not address the remaining issues.

The heart of this appeal is appellant's contention that the trial court erred in dismissing the complaints. We cannot agree, however, because we find that the trial court properly applied the Pennsylvania Supreme Court's decision in *Bailey v. Tucker*, 533 Pa. 237, 621 A.2d 108 (1993). In *Bailey*, our Supreme Court explained that allegations of attorney malprac-

tice arising from representation in a civil matter are substantially different from such allegations in the context of an underlying criminal proceeding. *Id.*, 533 Pa. at 246, 621 A.2d at 112. This is so because certain policy considerations apply in the context of criminal proceedings that do not exist in civil cases:

> Unlike in the civil litigation area, a client does not come before the criminal justice system under the care of his counsel alone; he comes with a full panoply of rights, powers, and privileges. These rights and privileges not only protect the client from abuses of the system but are designed to protect the client from a deficient representative. Thus, whereas in a civil matter a case once lost is lost forever, in a criminal matter a defendant is entitled to a second chance (perhaps even a third or fourth chance) to insure that an injustice has not been committed. For these reasons we are constrained to recognize that criminal malpractice trespass actions are distinct from civil legal malpractice trespass actions, and as a result the elements to sustain such a cause of action must likewise differ.

*Id.*, 533 Pa. at 250, 621 A.2d at 114.

When a person has been convicted of a crime because of the inadequacy of counsel's representation, justice is satisfied by the grant of a new trial. *Id.* at 247, 621 A.2d at 113. "However, if an *innocent person* is wrongfully convicted due to the attorney's dereliction, justice requires that he be compensated for the wrong which has occurred." *Id.* (emphasis in original). Before a person may collect money damages from an attorney, the former client must first demonstrate that he or she is innocent of the crime for which the conviction was entered, as well as all lesser included offenses. *Id.*

> If a person is found guilty of a crime, and that person is indeed innocent of any degree of that crime, and it is established that the wrongful conviction was proximately caused by counsel's gross dereliction in his duty to represent the defendant, only then will the defendant be able to collect monetary damages.

*Id.,* 533 Pa. at 247, 621 A.2d at 113. Our Supreme Court has more fully explained the applicable legal standard as follows:

[A] plaintiff seeking to bring a trespass action against a criminal defense attorney, resulting from his or her representation of the plaintiff in criminal proceedings, must establish the following elements:

(1) The employment of the attorney;

(2) Reckless or wanton disregard of the defendant's interest on the part of the attorney;

(3) [T]he attorney's culpable conduct was the proximate cause of an injury suffered by the defendant/plaintiff, i.e., "but for" the attorney's conduct, the defendant/plaintiff would have obtained an acquittal or a complete dismissal of the charges.

(4) As a result of the injury, the criminal defendant/plaintiff suffered damages.

(5) Moreover, a plaintiff will not prevail in an action in criminal malpractice unless and until he has pursued post-trial remedies and obtained relief which was dependent upon attorney error; additionally, although such finding may be introduced into evidence in the subsequent action it shall not be dispositive of the establishment of culpable conduct in the malpractice action.

*Id.* at 250–51, 621 A.2d at 114–15 (footnotes omitted).[2]

In this case, appellant's complaints do not allege facts that purport to show he is innocent of all the criminal charges filed against him. Nor has appellant demonstrated that appellees' culpably negligent representation was the proximate cause of his conviction in the sense that "but for" the attorney conduct, appellant would have obtained an acquittal or complete dis-

**2.** The standard differs for actions in assumpsit premised on a breach of contract claim. *Bailey,* 533 Pa. at 251–52, 621 A.2d at 115. An assumpsit action does not require a determination by an appellate court of ineffective assistance of counsel, nor does it require the client to prove innocence. *Id.* However, damages in assumpsit are limited to the amount actually paid for the attorney's services plus statutory interest. *Id.* Appellant's complaints do not allege breach of contract, nor did appellant request the return of any fees he may have paid to appellees.

missal of the criminal charges. Furthermore, appellant's complaints do not aver that he pursued all available post-trial remedies and obtained relief predicated upon attorney error. We agree with the trial court that under these circumstances, the complaints in trespass alleging malpractice by the defendants/appellees must be dismissed for failure to state a cause of action.

■ We are cognizant of appellant's claim that the trial court erred by failing to apply the standards for attorney malpractice as specifically expressed by the Superior Court in *Perkovic v. Barrett,* 448 Pa.Super. 356, 671 A.2d 740 (1996). However, our review of the record demonstrates that the trial court correctly applied the Supreme Court's decision in *Bailey.* A trial judge cannot be faulted for relying upon Supreme Court precedent. Furthermore, because *Perkovic* stemmed from an underlying civil case, it is totally inapposite to allegations of attorney malpractice premised on representation in a criminal matter. Lower courts must accept the law as established by the Supreme Court, and the Superior Court has consistently followed *Bailey* since it was filed. *See, e.g., Weaver v. Martin,* 440 Pa.Super. 185, 194, 655 A.2d 180, 184–85 (1995) (applying five-part *Bailey* standard to evaluate allegations of professional malpractice by a criminal defense attorney); *Hill v. Thorne,* 430 Pa.Super. 551, 560–61, 635 A.2d 186, 190–91 (1993) (discussing and giving retroactive effect to *Bailey* ); *Veneri v. Pappano,* 424 Pa.Super. 394, 398 n. 2, 622 A.2d 977, 979 n. 2 (1993), *appeal denied,* 537 Pa. 624, 641 A.2d 589 (1994) (considering impact of the then newly promulgated *Bailey* standard).

Orders affirmed.