**Sayles v. Dept. of Public Welfare**

C.P. of Monroe County, no. 8403 Civil 1996.

*Edwin Krawitz,* for plaintiffs.
*Gerard J. Geiger,* for defendants caseworkers.
*William A. Slotter,* for defendant DPW.
*Stephen Rhoads,* for defendant MCCYS.

O'BRIEN, *J.,* January 4, 1999—On November 14, 1995, 9-year-old Ashley Crafton was killed at a home in Delaware Water Gap, Monroe County, Pennsylvania. Her caretakers at the time of her death were defendants Eddie Pace, Desiree Richardson and Jabrica Willis. Two of these defendants, Richardson and Willis, subsequently pleaded guilty to Ashley's murder.[1] Richardson and Willis were friends of Ashley's mother, plaintiff Kim Crafton. Crafton had voluntarily placed the minor

---

1. Defendant Richardson recently made a motion to withdraw her guilty plea, which is currently pending before President Judge Ronald E. Vican.

child into the care and custody of defendants Pace, Richardson and Willis prior to serving a prison sentence. Ashley remained in the care and custody of defendants Richardson and Willis until the time of her death.

Plaintiff Matilda Sayles, Ashley's maternal grandmother, and plaintiff Crafton filed a complaint on February 24, 1997, alleging that defendants Monroe County Children and Youth Services (MCCYS), Department of Public Welfare of the Commonwealth of Pennsylvania (DPW), Monroe County, James Biesecker, William Dougherty, Joan Roberts and Sat Bahl were on notice of harm, abuse and drug trafficking taking place in the household, but failed to take any action to protect Ashley. Plaintiffs filed federal causes of action pursuant to 42 U.S.C. §§1983, 1985, and 1988, and state causes of action based on a violation of rights granted under the Child Protective Services Law, 23 Pa.C.S. §6301 et seq. and the Family Preservation Act, 62 Pa.C.S. §2171 et seq. In an opinion dated June 4, 1998, the Honorable William J. Nealon of the United States District Court for the Middle District of Pennsylvania dismissed plaintiffs' federal claims and remanded the remaining state law claims to this court. Subsequent to the dismissal of their federal claims, plaintiffs filed a third amended complaint on October 20, 1998, to which defendants DPW, MCCYS, Monroe County, Biesecker, Dougherty, Roberts and Bahl have filed preliminary objections. Following the submission of briefs and oral argument on December 7, 1998, defendants' preliminary objections are now before this court for disposition.

*Preliminary Objections of Defendant*
*Department of Public Welfare of the*
*Commonwealth of Pennsylvania*

In response to plaintiffs' third amended complaint, defendant DPW has filed a preliminary objection in

the nature of a demurrer. When considering preliminary objections in the nature of a demurrer, this court must accept as true all well-pleaded material facts in the complaint, as well as inferences reasonably deducible therefrom. *Webb Manufacturing Co. v. Sinoff,* 449 Pa. Super. 534, 674 A.2d 723 (1996); *Perkovic v. Barrett,* 448 Pa. Super. 356, 671 A.2d 740 (1996); *Winthrop & Co. Inc. v. Milgrom,* 447 Pa. Super. 140, 668 A.2d 557 (1995). This court need not accept as true conclusions of law, unwarranted inferences from the facts, argumentative allegations, or expressions of opinion. *Penn Tile Insurance Co. v. Deshler,* 661 A.2d 481 (Pa. Commw. 1995); *Surgical Laser Technologies Inc. v. Commonwealth, Department of Revenue,* 156 Pa. Commw. 48, 626 A.2d 664 (1993), citing *Martin v. PennDOT,* 124 Pa. Commw. 625, 556 A.2d 969 (1989). A demurrer may be sustained only if it is clear on the face of the pleading that the law will not permit the recovery sought. *Morgan v. McPhail,* 449 Pa. Super. 71, 672 A.2d 1359 (1996); *MacGregor v. Mediq Inc.,* 395 Pa. Super. 221, 576 A.2d 1123 (1990). If there is any doubt, it should be resolved by the overruling of the demurrer. *Mellon Bank N.A. v. Fabinyi,* 437 Pa. Super. 559, 650 A.2d 895 (1994).

In their third amended complaint, plaintiffs contend that defendant DPW failed to provide proper services for the implementation of the Family Preservation Act, to provide an adequate child protective service, to report drug abuse in the home, to rectify defendant Monroe County's neglect, and to prevent further abuse of the child. In their preliminary objection, defendant DPW, as a Commonwealth agency, argues that plaintiffs' claims are barred by 1 Pa.C.S. §2310, which grants sovereign immunity to the Commonwealth and its officials and employees acting within the scope of their

duties. Nevertheless, this immunity is not absolute. Acts by a Commonwealth party may result in the imposition of liability if the acts fall within one of the following statutory exceptions:

(1) Vehicle liability

(2) Medical-professional liability

(3) Care, custody or control of personal property

(4) Commonwealth real estate, highways and sidewalks

(5) Potholes and other dangerous conditions

(6) Care, custody or control of animals

(7) Liquor store sales

(8) National Guard activities

(9) Toxoids and vaccines. 42 Pa.C.S. §8522.

Plaintiffs in their pleadings have not alleged the applicability of any of the above exceptions to the circumstances of the present case. Consequently, we conclude that the Commonwealth enjoys sovereign immunity which bars the claims brought against it by the plaintiffs. Therefore, the defendant DPW's preliminary objections must be sustained and the plaintiffs' complaint with respect to this party dismissed.

### Preliminary Objections of Defendants Monroe County and MCCYS

In response to plaintiffs' third amended complaint, defendants Monroe County and MCCYS have filed preliminary objections in the nature of a demurrer. The applicable standards this court must apply when considering preliminary objections in the nature of a demurrer have been discussed *supra.* Defendants Monroe

County and MCCYS argue that the Political Subdivision Tort Claims Act grants them immunity from liability as local agencies. Specifically, defendants cite 42 Pa.C.S. §8541 which states: "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." Nevertheless, a tort action may still be brought against these defendants as local agencies if plaintiffs can show that a common law or statutory cause of action for negligence exists, (42 Pa.C.S. §8542(a)), *and* show that one of eight enumerated exceptions to this immunity applies to the present case. These eight exceptions are listed in 42 Pa.C.S. §8542(b) as:

(1) Vehicle liability

(2) Care, custody or control of personal property

(3) Real property

(4) Trees, traffic controls and street lighting

(5) Utility service facilities

(6) Streets

(7) Sidewalks and

(8) Care, custody or control of animals

It is clear that plaintiffs are seeking damages resulting from an injury to a person (Ashley) allegedly caused by an act of the local agency defendants. It is equally clear that the immunity granted by the Political Subdivision Tort Claims Act applies to both Monroe County and MCCYS as local agencies. Plaintiffs' pleadings fail to articulate how any of the exceptions to this immunity applies to their case.

Plaintiffs have submitted for this court's consideration, *federal* case law supporting arguments which advance *federal* claims. In his opinion dismissing the federal claims, the distinguished Senior Judge William J. Nealon relied upon the decision of the Supreme Court in *DeShaney v. Winnebago County Department of Social Services,* 489 U.S. 189 (1989). In that case, the court held that local governmental agencies have no affirmative duty to protect citizens from harm inflicted upon them by other private citizens in the absence of government custody or a "special relationship." It is important to note that it was plaintiff Kim Crafton who voluntarily placed her daughter, Ashley, into an abusive situation. Defendants Monroe County and MCCYS never had custody of the child, nor did they play any role in placing Ashley into the care and custody of inadequate caregivers. In light of the fact that no custodial or special relationship existed, defendants Monroe County and MCCYS had no affirmative duty to protect her. Judge Nealon also rejected plaintiffs' argument that Pennsylvania's Child Protective Services Law established the kind of "special relationship" between local agency defendants and Ashley that would give rise to an affirmative duty to protect.

In light of Judge Nealon's dismissal of their case, we decline plaintiffs' invitation to rule on issues already adjudicated by a court of competent jurisdiction. Furthermore, regarding the state law claims, plaintiffs in their pleadings have failed to demonstrate the applicability of one of the enumerated exceptions listed in 42 Pa.C.S. §8542(b). Consequently, we find that the immunity enjoyed by defendants Monroe County and MCCYS as local agencies remains intact. Therefore,

the preliminary objections of defendants Monroe County and MCCYS are sustained and plaintiffs' complaint with respect to these parties is dismissed.

*Preliminary Objections of Defendants
James Biesecker, William Dougherty,
Joan Roberts and Sat Bahl*

James Biesecker, William Dougherty and Joan Roberts (individuals) were employed by defendant MCCYS while Ashley Crafton resided with defendants Pace, Richardson and Willis. Plaintiffs allege the defendant individuals received reports of child abuse being perpetrated upon Ashley and that they willfully ignored these reports rather than taking steps to intervene. In response to plaintiffs' third amended complaint, defendant individuals have filed preliminary objections in the nature of a demurrer.[2] The applicable standards this court must apply when considering preliminary objections in the nature of a demurrer have been discussed *supra*. Defendants argue that the Political Subdivision Tort Claims Act grants them immunity in the same manner as the local agency employer. In 42 Pa.C.S. §8545, the Act states that employees of local agencies are liable for civil damages only to the same extent as the employing local agency. However, where it is judicially determined that the act of the individual employee caused the injury and that such act constituted

2. Sat Bahl had been named as a defendant in the original complaint. However, plaintiffs' third amended complaint states no cause of action and contains no allegations against Sat Bahl, nor does it make reference to his name in the caption or the body of the complaint. Therefore, the preliminary objection of Sat Bahl must be sustained and plaintiffs' complaint with respect to this defendant will be dismissed.

a crime, actual fraud, actual malice or willful misconduct, the immunity of the Political Subdivision Tort Claims Act shall not apply. 42 Pa.C.S. §8550. "Willful misconduct" for purposes of the statutory exception to governmental immunity has the same meaning as the term "intentional tort." *Kuzel v. Krause,* 658 A.2d 856 (Pa. Commw. 1995). To engage in willful misconduct for the purposes of the Tort Claims Act, the employee must desire to bring about the result that followed his conduct or be aware that it was substantially certain to follow. *Id.*

In the present case, plaintiffs allege that in May 1995, school officials contacted the individual defendants to report child abuse perpetrated against Ashley. (Plaintiffs' third amended complaint, ¶¶32, 33, 117, 131.) Plaintiffs further allege that defendant individuals "willfully ignored" these complaints (*Id.,* ¶¶118, 121) and acted with "deliberate indifference" and "willful disregard" for Ashley's safety, as evidenced by their failure to intervene. (*Id.,* ¶¶141, 142, 156, 157, 162, 163, 165, 167, 168.) Finally, plaintiffs allege that subsequent to Ashley's death, defendant individuals tried to "cover up" the fact that school officials had reported incidents of abuse to them by denying ever having received such reports. (*Id.,* ¶¶122, 124, 125.) In accordance with the standard discussed *supra,* this court is required to accept as true all well-pleaded material facts in the complaint, as well as inferences reasonably deducible therefrom. According to the complaint, defendant individuals had knowledge of the abusive and dangerous environment in which Ashley resided due to the complaints from the school officials. Furthermore, the language used in the pleadings implies that the defendant individuals

deliberately elected not to intervene, knowing that as a result of this choice, the abuse was substantially certain to continue. This being the case, plaintiffs have sufficiently pleaded facts which, if true, may demonstrate willful misconduct on the part of defendant individuals, and consequently nullify their immunity under the Political Subdivision Tort Claims Act. Therefore, since plaintiffs have pled facts sufficient to assert a claim with respect to the willful misconduct of individual defendants, we conclude that the preliminary objections asserting immunity of the individual defendants under the Political Subdivision Tort Claims Act must be denied.

## ORDER

And now, January 4, 1999, it is ordered as follows:

(1) The preliminary objections of defendant, The Department of Public Welfare of the Commonwealth of Pennsylvania, to plaintiffs' third amended complaint are sustained, and the department is dismissed as a party in this proceeding.

(2) The preliminary objections of defendants County of Monroe, and Monroe County Children and Youth Services to plaintiffs' third amended complaint are sustained, and those entities are dismissed as parties to this proceeding.

(3) The preliminary objections of Sat Bahl, an individual defendant named in the original complaint, but not named or subject to any allegations in the third amended complaint, are sustained and he is dismissed as a party to this proceeding.

182

(4) The preliminary objections of individual defendants James Biesecker, William Dougherty and Joan Roberts are dismissed.

(5) All remaining defendants are granted 20 days from the date hereof within which to file an answer to plaintiffs' third amended complaint.